MUNDAY TRADING CO. v. J. M. RADFORD GROCERY CO. (No. 8465.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 18, 1916.)

1. PAYMENT ⬥⧆75 — SUFFICIENCY OF EVIDENCE.

Evidence *held* to sustain a finding that a payment by defendant corporation was to be applied upon a debt due plaintiff from another firm, which was closely connected with defendant, and which was defendant's creditor.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 239; Dec. Dig. ⬥⧆75.]

2. CORPORATIONS ⬥⧆432(12) — REPRESENTATION BY OFFICERS—PAYMENT—AUTHORITY.

Evidence *held* to sustain a finding that defendant corporation's manager acted within the scope of his employment in giving plaintiff a firm check to apply on an indebtedness due plaintiff from a third firm, which was a creditor of defendant's, and in which defendant's manager was financially interested.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1737, 1743, 1762; Dec. Dig. ⬥⧆432(12).]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by the J. M. Radford Grocery Company against the Munday Trading Company. Judgment for plaintiff, and defendant appeals. Affirmed.

For opinion upon a former appeal, see 178 S. W. 49.

D. J. Brookreson, of Benjamin, for appellant. R. W. Haynie, of Abilene, for appellee.

DUNKLIN, J. The J. M. Radford Grocery Company instituted this suit against the Munday Trading Company on an account in the sum of $958.61, for goods, wares, and merchandise sold to the defendant company, who was sued both as a private corporation and as a partnership firm composed of J. H. McClain and R. W. Warren, and from a

judgment in favor of the plaintiff against the defendant, both as a corporation and as a partnership firm, the corporation and the members of the partnership firm have appealed.

The only controverted issue upon the trial was whether or not a payment of $250 by the Munday Trading Company to the plaintiff should have been credited to its account. The Munday Trading Company was doing business in the town of Munday, and the McClain Company, another private corporation, was doing business in Knox City, about 14 miles distant. The McClain Company had also purchased goods from the Radford Grocery Company, and the payment of the $250 made by the Munday Trading Company was applied as a credit upon the account of the McClain Company. J. H. McClain was president of the McClain Company, and was also one of the members of the partnership known as the Munday Trading Company, which was afterwards incorporated, and after that incorporation was the duly accredited manager of the latter company, with authority to draw checks upon its account. The payment of the $250 in controversy was made by a check drawn upon the Bank of Munday in the name of the Munday Trading Company by J. H. McClain, Manager.

Appellant contends (1) that the payment so made was intended and understood by J. H. McClain and a representative of the Radford Grocery Company, to whom the check was delivered, to be applied as a credit upon the account of the Munday Trading Company; and (2) that it was not within the scope of the authority of J. H. McClain, as manager of the Munday Trading Company, to apply such payment to the credit of the McClain Company. By appropriate assignments of error, it is insisted that the evidence introduced upon the trial of the suit was insufficient to support a finding in plaintiff's favor upon those two issues, and those are the only assignments presented here.

On a former appeal of this case the judgment in favor of the plaintiff was reversed, and the cause remanded for a new trial. The opinion of this court upon that appeal appears in 178 S. W. 49. The evidence then showed that the Munday Trading Company was a partnership composed of J. H. McClain and R. W. Warren, and we held that the evidence was not sufficient to sustain the finding that it was within the scope of the authority of J. H. McClain, as the managing member of the partnership firm, to apply the funds of the firm to the payment of the McClain Company's debt, and thereby to bind R. W. Warren and the partnership by such payment. But on the last trial of the case the evidence shows without controversy that, at the time of the payment, the former partnership firm had been incorporated as the Munday Trading Company. Upon the last trial the representative of the plaintiff firm to whom the check was given by J. H.

McClain testified directly and positively that the same was given as a credit upon the McClain Company's account. It was further shown by undisputed evidence that at the time the check was given the Munday Trading Company owed the McClain Company more than $6,500. The bookkeeper of the Munday Trading Company further testified as follows:

"The business matters of the Munday Trading Company and the McClain Company were closely interwoven. Goods were shipped from the Munday Trading Company one week over to the McClain Company, and in return the goods were shipped from the the McClain Company to the Munday Trading Company. The bulk of the merchandise with which the Munday Trading Company started business came out of the McClain Company's stock; that is, the bulk of the dry goods."

There was also introduced in evidence a ledger account kept by the McClain Company with the Munday Trading Company. This account shows several items of goods returned on February 2, 1914, to the McClain Company, one of such items being in the sum of $3,576.63. There was also shown payments made by the Munday Trading Company to other creditors of the McClain Company, and J. H. McClain testified as follows:

"It is a fact that prior to the time I gave this $250 check to Radford, I had paid checks out of the Munday Trading Company's fund and in behalf of the McClain Company. It is a fact that I had issued a check in the sum of $500 to the American National Bank of Ft. Worth."

It was also shown that J. H. McClain had general authority to issue checks upon the Munday Trading Company's account in the payment of its debts. It appears, further, that the item of $250 was entered upon the books of the McClain Company as a credit to the account of the Munday Trading Company with the former company. That credit, however, was of date February 2, 1914, while the check was dated January 21, 1914, and the bookkeeper of the McClain Company, who entered the credit, testified that he did so solely upon notice from the Radford Grocery Company that the check had been applied as a credit on the account of the McClain Company to the Radford Grocery Company.

[1, 2] We are of opinion that the evidence referred to was sufficient to show that in giving the check it was understood and intended by J. H. McClain that the same should be applied as a credit upon the McClain Company's account to the Radford Grocery Company, and that the McClain Company should credit the same upon its account with the Munday Trading Company, as was afterwards done, and that it was clearly within the scope of its authority as manager of the Munday Trading Company to so apply the payment, since in so doing he was but paying the debt of the Munday Trading Company.

For the reasons indicated, the judgment of the trial court is affirmed.